### JOSEPH KOENIG v. C. L. ADAMS.

PARTNERSHIP—*Dissolution.*    Where a partnership is formed, and the articles of partnership expressly state that the partnership is to continue until dissolved as the law provides, *held,* to be a partnership at will, and may be dissolved at the pleasure of either party, without the consent of the other.

*Error from Sedgwick District Court.*

THE opinion states the case. Trial at the February Term, 1885, when the defendant, *Adams*, objected to the introduction of any evidence under the plaintiff's petition. This objection the court sustained, and dismissed the case. *Koenig* brings the case here.

*W. T. Buckner*, for plaintiff in error.

*Bentley, Hatfield & Bentley*, for defendant in error.

Opinion by CLOGSTON, C.: The articles of partnership under which plaintiff claims damages are as follows :

"This indenture, entered into between C. L. Adams of the first part, and Joseph Koenig, of Louisville, Ky., of the second part, this 18th day of August, 1884, at Wichita, Kansas:

"1. Witnesseth, that the party of the first part and second part herein named do hereby mutually agree, promise and bind themselves to form a copartnership under the name of Adams & Koenig, for the purpose of carrying on the business of cutting, sawing and dressing stone, marble and granite for all purposes; also, of trading, buying and selling lime, cement, bricks, plaster, hair, etc.

"2. Each copartner shall have an equal, undivided one-half interest in all stock, fixtures, materials, tools, teams, papers, etc., owned by such firm. The profits shall be equally divided at the end of every year, and each partner bear an equal share of all losses.

"3. Each of the above partners agrees and promises to devote his whole time and attention to said business.

"4. Each of said parties agrees and promises not to sell or convey his interest in said firm unless the other partner consent.

"5. Each party agrees and promises not to draw from said business more than one thousand dollars per year, if so much profit be made that his share would amount to that sum, unless the other partner of said firm consent.

"6. Joseph Koenig, the party of the second part, agrees and promises that two dollars per day be allowed to C. L. Adams, the party of the first part, for six months following

the first six months of the existence of the said partnership, over and above his share of the profits.

"7. It is further agreed between the said parties that neither partner shall have the right nor power to bind the other partner for any greater sum than $300, without the consent of his copartner.

"8. This partnership is to take effect on and including the 16th day of September, 1884, and shall continue until dissolved as the law provides.

"9. It is further agreed between the above parties that C. L. Adams will supervise the shop and work connected with it, and that Joseph Koenig will generally see to the work connected with the business outside of the work-shop, or outside of the city.

Signed the 19th of August, 1884.        C. L. ADAMS.

Witness: CHRIS. KIMMERLE."        JOSEPH KOENIG.

Plaintiff also alleges in his petition that by virtue of said agreement the partnership was formed, and continued from the 16th day of September until the 30th day of September, 1884, when the defendant notified plaintiff that he would no longer do business with him, and no longer continue the partnership; that by reason thereof the partnership was dissolved, and plaintiff sold his interest therein, and sustained damages in the sum of $1,600; that by the terms of said articles it was understood that the partnership was to continue a year.

Defendant objected to the introduction of testimony under this petition, and the court sustained the motion and dismissed the case. Plaintiff complains, and insists that because the contract provides for a division of profits for the first year, thereby it becomes a contract of partnership for one year. Defendant claims that the contract created a partnership at will, and could be dissolved at the pleasure of either party without the consent of the other. We think the defendant is right. The eighth provision of the articles under which the partnership was formed provides that the partnership shall continue until dissolved as the law provides.

Mr. Parsons, in his work on Partnership, says:

"Dissolution of partnership takes place in seven different

ways: First, by provision of the articles; second, by will of all the partners; third, by act of one or more of the partners alone; fourth, by a change of the partnership; fifth, by death of one of the partners; sixth, by decree of a court of equity; and seventh, by bankruptcy."

See also *Blaker v. Sands,* 29 Kas. 551.

But plaintiff insists that because provision is made for the division of the profits for one year, that it must be deemed a partnership for that length of time at least. In this the plaintiff is mistaken. The contract provides for a division for the first year only on condition that it is not sooner dissolved as the law provides. No presumption will operate in favor of a party to continue a partnership, when by the terms of the articles forming the partnership it is expressly stated how or when it may be dissolved. We are therefore of the opinion that this contract established a partnership at will only; and being such a partnership, it might at the will of the defendant, fairly expressed, be dissolved at any time. The plaintiff cannot complain.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.